IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADRIAN "CHIP" GARRITTY, on behalf of himself and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PROJECT NEPTUNE, LLC, d/b/a CRUISEBUILDER, VACATIONBUILDER, LATTER DAY TRAVEL, and JUNGLE REEF; WES COBOS, an individual,<br><br>        Defendants. | **ORDER OF DISMISSAL**<br><br>Case No. 2:24-cv-00829-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

On August 18, 2025, the court issued a Memorandum Decision and Order to Show Cause why this action should not be dismissed for lack of jurisdiction.[1]  On August 20, 2025, Plaintiff filed a Response to the court's order requesting dismissal of the case without prejudice to pursue his claims in State court.[2]

Under Federal Rule of Civil Procedure 41(a)(2), the court may dismiss an action at a plaintiff's request "on terms that the court considers proper."[3]  In this case, the court concludes dismissal is proper because no counterclaims are pending,[4] and Defendants have not objected to dismissal.[5]  Further, the court did not rule on the merits of Plaintiff's claims so the case is

---

[1] Dkt. 51, *Memorandum and Order Granting in Part Defendants' Motion to Dismiss and Order to Show Cause* (*Order*).

[2] Dkt. 52, *Plaintiff's Response to Court's Order of August 18, 2025, and to Show Cause* (*Response*).

[3] Fed. R. Civ. P. 41(a)(2).

[4] *See* Fed. R. Civ. P. 41(a)(2) ("If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.").

[5] *See generally*, *Docket*.

dismissed without prejudice.[6]  No fees, costs, or expenses are awarded as to any party, and the

Clerk of Court is directed to close the case.


SO ORDERED this 22nd day of August 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[6] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").  The court's August 18, 2025 order did not dismiss Plaintiff's case for lack of jurisdiction; however, the court has not yet determined if it has jurisdiction to adjudicate the merits of Plaintiff's claims.  *See Order*; *see also* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").